Civil action to restrain foreclosure sale under power contained in deed of trust.

From judgment dissolving temporary restraining order, entered 30 August, 1932, the plaintiff gave notice of appeal. Appeal bond fixed at $100. Thereafter, 5 October, 1932, on affidavit which omits to aver appellant "is advised by counsel learned in the law that there is error of law in the decision of the Superior Court in said action," the clerk of the Superior Court signed an order allowing plaintiff to appeal *in forma pauperis*.

Motion by appellees to dismiss appeal.

*J. L. Hamme for plaintiff.*
*Cherry & Hollowell for defendants.*

PER CURIAM. The Court is without jurisdiction to entertain the appeal, and the same will be dismissed on authority of *Honeycutt v. Watkins,* 151 N. C., 652, 65 S. E., 762.

The attempted appeal is *in forma pauperis,* and the affidavit, filed more than ten days after entry of judgment, is defective, in that, it does not contain the averment, required by C. S., 649, that appellant "is advised by counsel learned in the law that there is error of law in the decision of the Superior Court in said action." This is a jurisdictional requirement. *Riggan v. Harrison, ante,* 191; *Russell v. Hearne,* 113 N. C., 361, 18 S. E., 711; *S. v. Gatewood,* 125 N. C., 694, 34 S. E., 543.

Furthermore, it may be doubted whether the clerk had authority to authorize an appeal *in forma pauperis,* even upon proper affidavit and certificate of counsel filed in apt time, in the face of the order by the judge fixing the appeal bond at $100. As to this point, however, we make no definite ruling. The question is not presently presented. *S. v. Divine,* 69 N. C., 390; *S. v. Harris,* 114 N. C., 830, 19 S. E., 154.

Appeal dismissed.

———————

FANNIE S. HOOVER, ADMINISTRATRIX, v. GLOBE INDEMNITY COMPANY.

(Filed 23 November, 1932.)

APPEAL by plaintiff from *Warlick, J.,* at August Term, 1932, of GASTON.

Civil action to recover damages for alleged wrongful death.

Demurrer interposed for that (1) the complaint does not state facts sufficient to constitute a cause of action, and (2) the court has no

jurisdiction of the alleged cause of action, the matter being cognizable only by the Industrial Commission, 202 N. C., 655.

From a judgment sustaining the demurrer, the plaintiff gave notice of appeal. Appeal bond fixed at $50. Thereafter, the clerk of the Superior Court, on affidavit which fails to aver that appellant "is advised by counsel learned in the law that there is error of law in the decision of the Superior Court in said action," signed an order allowing plaintiff to appeal *in forma pauperis.*

*J. L. Hamme* for *plaintiff.*
*P. W. Garland* for *defendant.*

PER CURIAM. Dismissed on authority of *Hanna v. Timberlake, ante,* 556.

Appeal dismissed.

---

THE UNIVERSITY OF NORTH CAROLINA v. THE CITY OF HIGH POINT.

(Filed 23 November, 1932.)

1. **Wills E b—Devise in this case held to convey fee simple title to lands to incorporated town.**

    A devise of lands to an incorporated town, describing same, and thereafter stating that the lands be kept for its comfort and to protect its health and for suitable grounds for public buildings, the meeting house thereon to be held more especially for the use of the Society of Friends and generally for the use of religious denominations, conveys the fee-simple title to the town unencumbered by a trust or condition subsequent which would work a reversion of the lands to the grantor, the later clauses not being repugnant to the fee previously granted.

2. **Escheat A b—Land held by incorporated town held to escheat upon repeal of town charter under the facts of this case.**

    Where an incorporated town is devised lands in fee simple unencumbered by a trust or condition subsequent, and thereafter the town charter is repealed by the General Assembly, the lands so devised to the town escheat to the State, and under the provisions of our statute to the University of North Carolina, Art. IX, sec. 7, C. S., 5784, the town having the fee-simple title to the property and having no debts at the time of its dissolution, and the lands not having been purchased for other than strictly governmental purposes, and the General Assembly not having undertaken to dispose of the property. The history of escheat in the light of the doctrine of the old English feudal tenures and of its present significance discussed by *Stacy, C. J.*